O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., as trustee for BENJAMIN CABAL 2007 INSURANCE TRUST, | ) ) ) | Case No. CV 09-01840 DDP (RZx) |
| | ) ) | **ORDER DENYING ANICO'S MOTION TO MODIFY SCHEDULING ORDER AND FOR** |
| Plaintiff, | ) ) | **LEAVE TO FILE THE [PROPOSED] SECOND AMENDED THIRD PARTY** |
| v. | ) ) | **COMPLAINT** [Motion filed on August 4, 2010] |
| AMERICAN NATIONAL INSURANCE COMPANY, a Texas corporation, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter comes before the Court on a motion to modify the scheduling order and for leave to amend the complaint filed by the plaintiff American National Insurance Company ("ANICO"). After considering the papers submitted by the parties, the Court DENIES the motion.

**I.    BACKGROUND**

On March 18, 2009, Wells Fargo Bank, N.A., as trustee for the Benjamin Cabal 2007 Insurance Trust filed a complaint for declaratory relief seeking to rescind the life insurance policy of Benjamin Cabal.  On April 20, 2009, ANICO filed a Counterclaim against Wells Fargo and a Third Party Complaint against third party

1  defendant Examination Management Services, Inc. ("EMSI"), formerly

2  known as Profile Services, Inc.  EMSI moved to dismiss or for a

3  more definite statement on July 29, 2009.  The Court denied the

4  motion to dismiss and granted in part the motion for a more

5  definite statement, after which ANICO filed a First Amended Third

6  Party Complaint ("FATPC") on September 29, 2009.

7       The FATPC alleges claims for breach of contract as a third

8  beneficiary and for negligence against EMSI.  (FATPC ¶¶ 53-59, 70-

9  74.)  Specifically, the FATPC alleges that the brokers who

10  submitted Mr. Cabal's application for life insurance to ANICO

11  "arranged for [EMSI] to conduct a background investigation of Mr.

12  Cabal and provide a truthful and accurate report to ANICO for the

13  purpose of confirming the material information contained in the

14  Financial Statement Questionnaire, which was a part of the

15  application for a life insurance policy submitted to ANICO." (Id.

16  ¶ 55.)  According to ANICO, "[t]he agreement between the Brokers

17  and [EMSI] was made expressly for the benefit of ANICO, in that

18  ANICO would rely on the information, among other things, in

19  determining whether to issue a policy of insurance on the life of

20  Mr. Cabal." (Id.)  ANICO alleged that EMSI breached its

21  contractual obligations to ANICO "by failing to provide accurate

22  and truthful information regarding Mr. Cabal's assets, liabilities,

23  employment background and history, net worth, and general financial

24  information." (Id. ¶ 56.)

25       The deadlines in this case set forth in the scheduling order

26  are as follows:

27       •    Last Date to Amend Pleadings: December 30, 2009;
         •    Discovery Cut-Off:          March 26, 2010;
28       •    Last Date to File Motions:   April 26, 2010;

2

- Final Pre-Trial Conference:   June 28, 2010; and
- Seven Day Jury Trial:        July 6, 2010.

(Scheduling Order, Dkt. No. 36.)  In a minute order dated June 25, 2010, the Court continued the final pre-trial conference to October 18, 2010, and the trial to October 26, 2010.  (Dkt. No. 113.)

On August 4, 2010, ANICO filed this motion to modify the scheduling order and for leave to amend the pleadings.  ANICO seeks to amend the Third Party Complaint to add a claim for breach of a direct contract between ANICO and EMSI based on what it claims to be newly discovered evidence.  ANICO argues that it first learned of the potential existence of a direct contract between ANICO and EMSI on January 5, 2010, when EMSI served ANICO with its initial Rule 26 disclosures.  Those disclosures included copies of an unsigned rate sheet, which ANICO now argues constitutes an express agreement between ANICO and EMSI.  EMSI's disclosures also included the name and contact information of the person who interviewed Benjamin Cabal on behalf of EMSI.  (Bialack Decl. ¶¶ 5-7.)  ANICO did not follow up, except to notice the deposition of EMSI's person most knowledgeable for March 26, 2010, the discovery cut-off date.  The deposition was later continued by agreement to April 9, 2010.

ANICO now argues that it did not learn of "the facts necessary to prove that EMSI breached a direct contract with ANICO" until April 9, 2010.  (Mot. 3:1-3.)  However, ANICO did not move to amend the pleadings at that time.  Instead, during negotiations with EMSI concerning the preparation of the Pre-Trial Conference Order on June 10, 2010, ANICO indicated it intended to argue that EMSI breached a direct contract.  EMSI's counsel objected that breach of a direct contract was not part of the pleadings and that ANICO should not try to "slip in" an additional claim via the Pre-Trial

3

1  Conference Order.  ANICO did not file this motion for leave to

2  amend until nearly two months later, on August 4, 2010.

3  **II.   LEGAL STANDARD**

4       "Generally, Federal Rule of Civil Procedure 15(a) liberally

5  allows for amendments to pleadings." <u>Coleman v. Quaker Oats Co.</u>,

6  232 F.3d 1271, 1294 (9th Cir. 2000).  However, where a party seeks

7  to amend the pleadings after the deadline for amendment in the

8  scheduling order has passed, the court "should address the issue

9  under Federal Rule of Civil Procedure 16," rather than under Rule

10  15.  <u>Id.</u> (citing <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d

11  604, 607-09 (9th Cir. 1992)).  Under Rule 16(b), the party seeking

12  leave to amend "must show good cause for not having amended [the]

13  complaint[] before the time specified in the scheduling order

14  expired."  <u>Id.</u>  "This standard 'primarily considers the diligence

15  of the party seeking the amendment.'"  <u>Id.</u> (quoting <u>Johnson</u>, 975

16  F.2d at 609).  A party may establish good cause by demonstrating

17  that it was "unable to comply with the scheduling order's deadlines

18  due to matters that could not have reasonably been foreseen at the

19  time of the issuance of the scheduling order, and that it was

20  diligent in seeking an amendment . . . ."  <u>Kuschner v. Nationwide</u>

21  <u>Credit, Inc.</u>, 256 F.R.D. 684, 687 (E.D. Cal. 2009).

22       If the moving party is able to satisfy the good cause standard

23  under Rule 16, it must next demonstrate that the proposed amendment

24  is permissible under Rule 15.  <u>See</u> <u>Johnson</u>, 975 F.2d at 608.  Under

25  Rule 15, leave to amend should be "freely give[n] . . . when

26  justice so requires."  Fed. R. Civ. P. 15(a).  In determining

27  whether amendment under Rule 15 is appropriate, a court must

28  consider four factors: "bad faith, undue delay, prejudice to the

1    opposing party, and futility of the amendment." <u>DCD Programs, Ltd.</u>

2    <u>v. Leighton</u>, 833 F.2d 183, 186 (9th Cir. 1987).

3    **III. DISCUSSION**

4         The Court finds that the proposed modification of the

5    scheduling order and amendment to the pleadings are inappropriate

6    because Plaintiff has not been diligent in seeking leave to amend,

7    amendment at so late a date is presumptively prejudicial, and

8    allowing amendment on the eve of trial would cause further delay

9    and disrupt the efficient management of this case.

10        First, even assuming for the sake of argument that ANICO did

11   not learn of the potential existence of a contract until after the

12   deadline for amendment had passed, ANICO has not been diligent in

13   pursuing amendment.  EMSI produced a copy of the rate sheet to

14   ANICO in January 2010.  Yet, ANICO did not move for leave to amend

15   at that point.  Nor did it do so after it deposed EMSI's person

16   most knowledgeable in April.  Nor did it do so after EMSI's counsel

17   objected to ANICO's attempt to insert a breach of direct contract

18   claim in the Pre-Trial Conference Order in June.  Instead, ANICO

19   waited nearly seven months after receiving EMSI's initial

20   disclosures, nearly four months after deposing EMSI's person most

21   knowledgeable, and nearly two months after EMSI objected to file

22   this motion.  ANICO has offered no explanation for this delay

23   except to suggest that it had no way of anticipating that EMSI

24   would object to its attempt to pursue a claim outside the pleadings

25   until EMSI's counsel actually raised the objection.  Even so, ANICO

26   offers no explanation for why it waited nearly two months after

27   EMSI's counsel objected to file the motion.

28

1    Second, the Court is not satisfied that ANICO had no reason to

2 know of its breach of a direct contract claim until this year.

3 "Relevant to evaluating the delay issue is whether the moving party

4 knew or should have known the facts and theories raised by the

5 amendment in the original pleading." Jackson v. Bank of Hawaii,

6 902 F.2d 1385, 1388 (9th Cir. 1990) (emphasis added).  Presumably,

7 ANICO should have known of the existence of its own contract with

8 EMSI from at least the outset of this litigation.  ANICO has

9 offered no explanation as to why it was unaware that it had entered

10 into a direct contract with EMSI until EMSI produced the rate sheet

11 this January.  Therefore, the Court finds that ANICO should have

12 known of the existence of the direct contract prior to the cut-off

13 date for amending the pleadings and actually knew of its potential

14 claim in January of this year.

15    Third, permitting amendment at so late a date is presumptively

16 prejudicial and would otherwise disrupt the case management

17 deadlines.  "Prejudice and undue delay are inherent in an amendment

18 asserted after the close of discovery, and after dispositive

19 motions have been filed, briefed, and decided." Campbell v. Emory

20 Clinic, 166 F.3d 1157, 1162 (9th Cir. 1999).  In order to avoid

21 potential prejudice to EMSI, the Court would likely need to extend

22 the discovery cut-off and the motion cut-off should the amendment

23 be permitted.  Doing so would most likely necessitate further

24 continuance of the trial date.

25    Ultimately, the Court's decision to deny the motion rests

26 primarily on ANICO's failure to pursue diligently the proposed

27 amendment.  ANICO has not answered any of the following questions:

28

- Why was it unaware of the existence of <u>its own contract</u> until EMSI produced the rate sheet?

- Why, after receiving the rate sheet that purportedly evidences a direct contract with EMSI, did it fail to seek leave to amend?

- What facts necessary to its breach of direct contract claim did ANICO learn during the deposition of EMSI's person most knowledgeable that it could not have discovered previously with reasonable diligence?

- Why, after deposing EMSI's person most knowledgeable and supposedly learning of the facts supporting its new claim, did it not seek leave to amend?

- Why, after EMSI's counsel objected to its attempt to insert a new claim into the Pre-Trial Conference Order, did it wait nearly two more months to bring this motion?

Given ANICO's silence or unsatisfactory explanations with respect to its repeated delay, the Court concludes that it has not demonstrated good cause to modify the scheduling order. Furthermore, even assuming good cause had been shown, amendment at so late a date would still be improper as it is inherently prejudicial and would unduly disrupt other case management dates.

**IV.   CONCLUSION**

For the foregoing reasons, ANICO's motion is DENIED.

IT IS SO ORDERED.

Dated: September 13, 2010

DEAN D. PREGERSON
United States District Judge